09-1292-ag
Andrias v. Holder
BIA
Lamb, IJ
A99-607-716

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of January, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

_____

NINA M. M. ANDRIAS,
> *Petitioner*,

v.                                          09-1292-ag
                                            NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Yee Ling Poon; Robert Duk-Hwan Kim;
                       Law Offices of Yee Ling Poon, LLC,
                       New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; John C. Cunningham, Senior Litigation Counsel; Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Nina M. M. Andrias, a native and citizen of Indonesia, seeks review of a March 5, 2009 order of the BIA affirming the January 15, 2008 decision of Immigration Judge ("IJ") Elizabeth Lamb, which denied Andrias's application for asylum and withholding of removal. *In re Nina M. M. Andrias* No. A099 607 716 (BIA Mar. 5, 2009), *aff'g* No. A099 607 716 (Immig. Ct. N.Y. City Jan. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Because, in its order, the BIA adopted and supplemented the IJ's decision, we review both decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-settled. *See* 8 U.S.C. § 1252(b)(4)(B); *see, Corovic v. Mukasey*, 519 F.3d

90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey,* 529 F.3d 99, 104 (2d Cir. 2008).

The agency did not err in denying Andrias's application for asylum and withholding of removal. Andrias does not challenge the agency's finding that the harm she suffered did not rise to the level of persecution. Nor does she argue that she would be singled out for persecution if returned to Indonesia. Instead, she contends that there exists in Indonesia a pattern or practice of persecution against ethnically Chinese and Christian Indonesians. *See* 8 C.F.R. § 1208.13(b)(2)(iii). However, the BIA has found time and again that no such pattern or practice has been proven. *In re A--*, 23 I. & N. Dec. 737, 741 (BIA 2005) (citing *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005)). This Court has found no error in such decisions. *See, e.g., Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). Although the agency errs if it ignores a pattern or practice claim, *see Mufied v. Mukasey*, 508 F.3d 88, 91-93 (2d Cir. 2007), it did not do so here, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests

otherwise.").

Because the agency did not err in concluding that Andrias was not eligible for asylum, it did not err in denying her application for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
