09-2828-ag
Das v. Holder

BIA
Elstein, IJ
A079 127 655
A079 131 030

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand ten.

PRESENT:
        REENA RAGGI,
        RICHARD C. WESLEY,
        GERARD E. LYNCH,
                *Circuit Judges.*

_____

SHOMBHU KUMAR DAS, a.k.a. ZHOMBHU DAS, a.k.a. DAS SHOMBHU KUMAR, OMA RANI DEB, a.k.a. DEB OMA RANI, a.k.a. UMA RANI DEB,
                *Petitioners,*

        v.                                    09-2828-ag
                                              NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
                *Respondent.*

_____

FOR PETITIONERS:        Amy N. Gell, Gell & Gell, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General, William C. Peachey, Assistant Director, Matthew A. Spurlock, Attorney, Office of Immigration Litigation, Civil

**Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioners, both natives and citizens of Bangladesh, seek review of a June 1, 2009, order of the BIA, affirming the September 19, 2007, decision of Immigration Judge ("IJ") Annette S. Elstein, denying their applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Das*, Nos. A079 127 655, A 079 131 030 (B.I.A. June 1, 2009), *aff'g* Nos. A079 127 655, A 079 131 030 (Immig. Ct. N.Y. City Sept. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000)("We reverse [the BIA] only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden.").

I.   Unexhausted and Waived Claims

As an initial matter, we are without jurisdiction to consider Petitioners' unexhausted challenge to the IJ's denial of their CAT claim, and we must dismiss the petition for review to that extent.  *See* 8 U.S.C. § 1252(d)(1).  We therefore review only Petitioners' challenge to the agency's denial of their applications for withholding of removal.

We also decline to review Petitioners' unexhausted arguments that the IJ failed to provide them with an opportunity to explain the inconsistencies in their testimony, that the IJ overlooked a plausible explanation for those inconsistencies, and that the IJ failed to make a specific adverse credibility determination. Petitioners failed to raise these arguments in their appeal to the BIA, and because the Government has raised this failure to

exhaust in its brief to this Court, we decline to consider them. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-22 (2d Cir. 2007) ("[W]hen an applicant for asylum or withholding of removal has failed to exhaust an issue before the BIA, and that issue is, therefore, not addressed in a reasoned BIA decision, we are . . . usually unable to review the argument.").

Additionally, because Petitioners have failed to sufficiently challenge, either before this Court or in their appeal brief to the BIA, the IJ's finding that Deb's alleged assault in 1998 was not motivated by a statutorily protected ground, we deem any such argument waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

II. Withholding of Removal

With regard to their withholding of removal claims, Petitioners' arguments that the agency erred in finding that they failed to meet their burden of demonstrating past persecution or a well-founded fear of persecution are unavailing.

A. Past Persecution

The record supports the agency's determination that Petitioners failed to demonstrate that they suffered past

4

persecution. The IJ reasonably found that Petitioners' claim that Das was stabbed in 1998 was not credible. As the IJ found, although Das testified that he was released after receiving first aid treatment, a medical document he submitted stated that he received treatment for a month. Although minor and isolated discrepancies may be insufficient to support an adverse credibility finding, *see Diallo,* 232 F.3d at 288, the discrepancy here relates to events at the heart of Petitioners' claim because Das testified that the stabbing was the worst harm he had suffered. Thus, the IJ reasonably relied on the inconsistency, and on the fact that the medical document was not otherwise reliable since it was not contemporaneous and the doctor who wrote it was apparently a relative of Das, to call into question Petitioners' credibility regarding the stabbing incident. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

Additionally, Petitioners argue that evidence that Das received threatening letters which directed him to leave Bangladesh, and that Das was "attacked" on six occasions in Bangladesh established past persecution based on their religion. Past persecution requires that the harm be

5

sufficiently severe, rising above "mere harassment." *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2005) (en banc). Here, although there is record evidence that Petitioners were harassed and threatened on account of their religion, Petitioners fail to demonstrate that the harassment rose to the level of persecution. With regard to the six "attacks" that Das suffered, Das testified that they were incidents similar to one in which "some miscreants came [to his father's home], . . . broke open the door, . . . destroyed some papers[,] and threatened [his father]." Such incidents are not sufficient to compel a reasonable factfinder to find past persecution. *See Balachova v. Mukasey*, 547 F.3d 374, 386 (2d Cir. 2008) (holding that breaking down a door, searching and looting a house, and detention did not "cross the line from harassment to persecution"). Additionally, the only physical harm Petitioners claim to have suffered is Das's stabbing, which

the IJ found was not credibly established, and Deb's alleged assault, which the IJ found had not been shown to be based on a protected ground. Accordingly, the IJ reasonably concluded that Petitioners had not suffered past persecution.

B.  Well-Founded Fear of Persecution

Because Petitioners failed to demonstrate that they suffered past persecution, they were not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b).  To the extent Petitioners argue that they have demonstrated a pattern or practice of persecution against Hindus in Bangladesh, the agency considered Petitioners' evidence and reasonably found that they failed to demonstrate a pattern or practice sufficient to qualify for withholding of removal. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009); *cf. Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007).  Moreover, it was not improper for the agency to conclude that Petitioners' testimony that several members of their family, who were Hindu, continued to live in Bangladesh without incurring any harassment or mistreatment weighed against their claim of a well-founded fear of persecution. *See Melgar de Torres v.*

*Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that asylum applicant's well-founded fear of persecution claim was diminished where her mother and daughters continued to live in her native country without harm). Thus, substantial evidence supports the agency's finding that Petitioners failed to establish a pattern or practice of persecution against Hindus in Bangladesh.

The IJ also reasonably found that Petitioners failed to demonstrate that they have a well-founded fear of persecution based on Das's alleged political affiliation with the Awami League. As the BIA correctly noted, the IJ found that Das's testimony relating to that affiliation was "vague and unspecific" and lacking in corroborating evidence. Petitioners fail either to address the agency's findings in this respect or to point to evidence in the record supporting their claim that Das is affiliated with the Awami League. A reasonable adjudicator would not be compelled to conclude that petitioners had a well founded fear of future persecution, and the denial of petitioners' applications was therefore not erroneous.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed

our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

_____

_____