09-4957-ag
Zheng v. Holder

BIA
Page, IJ
A072 468 331

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of February, two thousand eleven.

PRESENT:
>　　　DENNIS JACOBS,
>　　　　　*Chief Judge,*
>　　　ROBERT D. SACK,
>　　　DENNY CHIN,
>　　　　　*Circuit Judges.*

_____

DAN-LEUNG ZHENG,
>　　　*Petitioner,*

>　　　v.　　　　　　　　　　　　　　09-4957-ag
>　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
>　　　*Respondent.*

_____

FOR PETITIONER:　　　Waisim M. Cheung, Tsoi and Associates, New York, New York.

FOR RESPONDENT:　　　Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Aliza B. Alyeshmerni, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Dan-Leung Zheng, a native and citizen of the People's Republic of China, seeks review of a November 4, 2009, decision of the BIA, denying his motion to remand and affirming the January 31, 2008, decision of Immigration Judge ("IJ") Alan Page, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dan-Leung Zheng,* No. A072 468 331 (B.I.A. Nov. 4, 2009), *aff'g* No. A072 468 331 (Immig. Ct. N.Y.C. Jan. 31, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions for the sake of completeness. *See Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v.*

*Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.  Application for Relief**

   **A.  Asylum**

         **1.  Past Persecution**

Substantial evidence supports the IJ's adverse credibility determination with regard to Zheng's claim that he suffered past persecution on account of his "other resistance" to China's family planning policy.[1]  As the IJ found, Zheng testified in his asylum interview that: (1) when family planning officials came to his home to force his wife to have an abortion, he fled out the back door and hid with a friend; (2) five or six family planning officials came to his home to apprehend his wife; and (3) he learned of the forced abortion from a friend two days after it occurred.  However, contrary to that testimony, Zheng testified at his merits hearings that: (1) in an attempt to block the officials from entering his home, he was "pushed aside" as he witnessed two officials "drag" his wife away, and he remained at his home until his wife returned the

---

[1] Because Zheng filed his asylum application before May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 do not apply to his asylum application.  *See* Pub. L. No. 109–13, § 101(h)(2), 119 Stat. 231, 305 (2005).

following day; (2) only three family planning officials came to his home; and (3) he learned of the forced abortion when his wife returned from the hospital the following day, which led him to confront family planning officials at their office. Although minor and isolated discrepancies may be insufficient to support an adverse credibility finding, *see Diallo v. INS,* 232 F.3d 279, 288 (2d Cir. 2000), the discrepancies here relate to events at the heart of Zheng's claim—that he had suffered past persecution based on his "other resistance" to his wife's forced abortion. Thus, the IJ reasonably relied on the cumulative effect of these inconsistencies to call into question Zheng's credibility. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (emphasizing that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder"). (internal quotation marks and citations omitted)

Since the record supports the IJ's findings of conflicting testimony, the IJ was not required to credit Zheng's explanation that he omitted details of the altercation because he thought the incident was

4

insignificant and because the interpreter at the hearing had "cut off" his answers. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Moreover, the proffered explanation fails to account for inconsistencies about his initial reaction to the officials, the number of officials who came to his home, and how he learned of the forced abortion.

In finding Zheng not credible, the IJ also reasonably relied on Zheng's failure to provide credible, corroborating evidence in support of his claim that he had suffered past persecution. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (holding that an applicant's failure to corroborate his testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question).

Because the IJ's adverse credibility determination was

reasonable and is dispositive of his claim of past persecution, we do not reach Zheng's challenges to the agency's findings that he failed to meet his burden of proof.

**2.   Well-Founded Fear of Future Persecution**

Because Zheng failed to demonstrate that he had suffered past persecution, he was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b).  Absent past persecution, an applicant can demonstrate eligibility for asylum based on a well-founded fear of future persecution by demonstrating that he subjectively fears persecution and that this fear is objectively reasonable.  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

**i.   Family Planning Policy**

The agency reasonably found that Zheng failed to demonstrate a well-founded fear of persecution because the evidence he submitted did not indicate that forcible sterilizations are mandated in Fujian Province after the birth of a second child.  As the BIA observed, the evidence Zheng submitted was similar to that which it addressed in *Matter of J-W-S-,* 24 I. & N. Dec. 185 (BIA 2007*)*.  We have

6

previously reviewed, and found no error in, the BIA's analysis in that case. *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008).

Furthermore, contrary to Zheng's assertions, the agency sufficiently considered all of the evidence he submitted, and adequately explained its findings. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (holding that the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition, and made adequate findings"). (internal quotation marks omitted)  The IJ also reasonably gave minimal weight to the letter and sterilization certificates Zheng submitted from a fellow Changle villager and from a relative. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

### ii. Religion

The agency also reasonably found that Zheng failed to demonstrate an objectively reasonable well-founded fear of

7

persecution based on his Christian religion.  Contrary to Zheng's assertion, the agency did not erroneously apply a higher standard of proof by requiring him to demonstrate both an individualized fear of persecution and a pattern or practice of persecution.  *See* 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007) (holding that an applicant shall not be required to demonstrate that he would be singled out for persecution if he demonstrates a pattern or practice of persecution of a group on account of a protected ground and his own inclusion in or identification with that group).  Rather, the IJ found that Zheng failed to demonstrate either that he would be individually singled out for persecution or that there was a pattern or practice of persecution.

The IJ reasonably found that Zheng failed to establish a pattern or practice of persecution of Christians similarly situated to him.  *See Mufied*, 508 F.3d at 91; *see also Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (holding that the agency's finding of no pattern or practice is sound where it is sufficiently supported by the background materials).  As the IJ found, the State Department's 2007 Profile report, (unlike the 2004 Profile report) did not

8

indicate that any suppression of house churches in Fujian amounted to persecution. Recent State Department and news reports indicate that, because Fujian is rural and located in the south, unlike Beijing or Shanghai, it was unlikely that the Chinese government would target Zheng's church for suppression. That substantial evidence supports the IJ's finding that there was no pattern or practice of persecution, and that finding supports the conclusion that Zheng failed to qualify for withholding of removal. *Diallo,* 232 F.3d at 287 (holding that this Court will "reverse [the BIA] only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden").

Accordingly, because the agency's determination that Zheng failed to show past persecution or a well-founded fear of future persecution is supported by substantial evidence, there is no merit to his challenge to the denial of asylum. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008)

**B. Withholding of Removal and CAT Relief**

To the extent that Zheng asserts that he established his eligibility for asylum, withholding of removal, and CAT

9

relief based on his "other resistance," the IJ's reasonable adverse credibility determination defeats all three claims because they were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Similarly, because Zheng was unable to establish the objective likelihood of persecution needed to make out an asylum claim based on the birth of his two children or his Christian beliefs, he was necessarily unable to satisfy the higher standard required to succeed on his claims for withholding of removal and CAT relief, as all three claims rested on the same factual predicate. *Id.*[2] Zheng has waived any challenge to the IJ's denial of CAT relief based on his illegal departure from China, general prison conditions, or his Christian religion.

**II.      Motion to Remand**

We review the BIA's denial of a motion to remand for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Justice*,

---

[2] Zheng argues that the IJ  failed to apply *Ramsameachire* to his decision denying CAT relief. However, the IJ discussed *Ramsameachire* in his decision and found, apart from his adverse credibility determination, found that Zheng failed to meet his burden of demonstrating a likelihood of torture based on the birth of his two children. *See Ramsameachire*, 357 F.3d at 184-85.

421 F.3d 149, 157 (2d Cir. 2005).  An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." Id.

The BIA did not abuse its discretion in denying Zheng's motion to remand based on his pending I-130 visa petition. As Zheng conceded in his motion to remand, the United States Citizenship and Immigration Services has sole jurisdiction to adjudicate his adjustment of status application.  *See* 8 C.F.R. § 245.2 (2006).  Because the IJ could not have taken any action to adjudicate Zheng's adjustment of status application, the BIA's denial of the motion was not arbitrary or capricious.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for

11

oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2) and Second

Circuit Local Rule 34.1(b).

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk