10-3054-ag
Budiman v. Holder

BIA
Burr, IJ
A088 996 494

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of September, two thousand eleven.

PRESENT:

> JOSEPH M. MCLAUGHLIN,
> GUIDO CALABRESI,
> RICHARD C. WESLEY,
>
> *Circuit Judges.*

_____

GRACE SUSILOWATI BUDIMAN,
        *Petitioner,*

        v.                                    10-3054-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
        *Respondent.*

_____

FOR PETITIONER:        Oleh R. Tustaniwsky, Brooklyn, New
                       York.
FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Nancy E. Friedman, Senior
                       Litigation Counsel; Sharon M. Clay,
                       Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Grace Susilowati Budiman, a native and citizen of Indonesia, seeks review of a June 29, 2010, order of the BIA affirming the December 15, 2008, decision of Immigration Judge ("IJ") Sarah M. Burr denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Grace Susilowati Budiman*, No. A088 996 494 (B.I.A. June 29, 2010), *aff'g* A088 996 494 (Immig. Ct. N.Y. City Dec. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Because Budiman does not challenge the agency's findings that she did not establish past persecution or her eligibility for CAT relief, we address only her argument that she established her eligibility for asylum and withholding of removal based on a pattern or practice of persecution against Chinese Christians in Indonesia. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

Because Budiman did not submit individualized evidence of future harm, she was required to establish that the threat of harm to Chinese Christians in Indonesia was "so systemic or pervasive" that it amounted "to a pattern or practice of persecution." *See Matter of A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see also Santoso v. Holder*, 580 F.3d 110, 112 & n. 1 (2d Cir. 2009). The BIA considered her evidence of sporadic violence, discrimination, and the closure of churches, and concluded that these incidents did not amount to a pattern or practice of persecution. We find no error in that determination. *See Santoso,* 580 F.3d at 112 (finding no error in the agency's conclusion that the country conditions evidence does not establish a pattern or practice of persecution of ethnic Chinese or Catholics in

3

Indonesia); *see also Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 618 (2d Cir. 1991) ("[W]here the evidence would support either of competing inferences, the fact that this Court might have drawn one inference does not entitle it to overturn the trial court's choice of the other.").

Thus, the agency did not err in concluding that she did not establish her eligibility for asylum as she did not establish a well-founded fear of future persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (stating that to establish eligibility for asylum, an applicant must establish past persecution or a well-founded fear of future persecution).[1] Because Budiman was unable to meet her burden for asylum, she necessarily failed to meet the higher burden required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is

---

[1] Because Budiman's fear of persecution was not objectively reasonable, we do not address the agency's separate finding that her previous returns to Indonesia suggested that she did not have a subjective fear of persecution. *See Ramsameachire*, 357 F.3d at 178 (requiring an applicant to show both a subjective fear of persecution and that the fear is objectively reasonable).

4

DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk