07-4713-ag
Santoso v. Holder

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2009

(Argued: September 2, 2009                    Decided: September 14, 2009)

Docket No. 07-4713-ag

MERLINDA SANTOSO,

*Petitioner*,

v.

ERIC H. HOLDER, JR., United States Attorney General,

*Respondent.*[*]

Before: CALABRESI, CABRANES, and HALL, *Circuit Judges*.

Petitioner, Merlinda Santoso, a native and citizen of Indonesia, seeks review of a September 28, 2007 order of the Board of Immigration Appeals ("BIA") affirming the January 30, 2006 decision of an immigration judge ("IJ") denying Santoso's application for asylum, withholding of removal, relief under the Convention Against Torture, and voluntary departure. In her petition to this Court, Santoso argues that the BIA and the IJ failed adequately to address her claim that there exists a pattern or practice of persecution of ethnic Chinese and Catholics in Indonesia. We hold that the agency adequately considered Santoso's pattern or practice claim and, furthermore, that its finding that no such pattern or practice exists is supported by substantial evidence.

Petition denied.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

H. RAYMOND FASANO, Madeo & Fasano, New York, NY, *for Merlinda Santoso.*

COLLETE J. WINSTON, Attorney, Office of Immigration Litigation (Jefrey S. Bucholtz, Acting Assistant Attorney General, David V. Bernal, Assistant Director, Office of Immigration Litigation, *on the brief*) Civil Division, U.S. Department of Justice, Washington, D.C., *for Eric H. Holder, Jr.*

PER CURIAM:

Petitioner, Merlinda Santoso ("petitioner" or "Santoso"), a native and citizen of Indonesia, seeks review of a September 28, 2007 order of the Board of Immigration Appeals ("BIA") affirming the January 30, 2006 decision of an immigration judge ("IJ") denying Santoso's application for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure. In her petition to this Court, Santoso argues that the BIA and the IJ failed adequately to address her claim that there exists a pattern or practice of persecution of ethnic Chinese and Catholics in Indonesia.

## BACKGROUND

Petitioner arrived in the United States on or about August 2, 1999, with authorization to remain for a temporary period not to exceed six moths. On May 23, 2005, nearly six years after her arrival, petitioner filed an application for asylum, withholding of removal, and relief under the CAT. Shortly thereafter, the Department of Homeland Security charged her with removal pursuant to 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States for a time longer than permitted and ordered her to appear before an IJ on September 9, 2005.

At her hearing before the IJ, petitioner conceded her removability but requested asylum, withholding of removal, CAT protection, and voluntary departure. On January 30, 2006, after hearing petitioner's testimony in support of her application, the IJ denied the relief sought. That decision was

affirmed by the BIA on September 28, 2007, whereupon petitioner timely filed for review by this Court.

## I.

Where the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007). "We review *de novo* questions of law and the application of law to undisputed fact." *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

## II.

Santoso, relying on *Mufied v. Mukasey*, argues primarily that the IJ and the BIA did not adequately consider whether there exists a pattern or practice of persecution of ethnic Chinese or Catholics in Indonesia. *See* 508 F.3d 88, 91 (2d Cir. 2007) (remanding where "[n]either the IJ nor the BIA appears to have considered Mufied's claim that there is a pattern or practice of persecution of Christians in Indonesia"). Unlike *Mufied*, however, in Santoso's case, the BIA *explicitly* noted that "[t]he discrimination and sporadic violence in various parts of Indonesia, as discussed by the Immigration Judge, do not establish that there is a pattern or practice of persecution against individuals similarly situated to the respondent." J.A. at 3; *see Mufied*, 508 F.3d at 91 (noting that the BIA failed to supplement the IJ's discussion of persecution and "appeared to base its denial of Mufied's appeal on its finding that he had personally 'experienced few problems'"). The fact that the BIA cited to the statute governing generally the burden of proof for withholding of removal, 8 U.S.C. § 1231(b)(3), rather than the more specific regulation discussing a pattern or practice of persecution, 8 C.F.R. § 1208.16(b)(2)(i), is irrelevant in light of its explicit reference to Santoso's pattern and practice claim.

3

Although petitioner argues that neither the IJ nor the BIA articulated the precise standard they applied to analyze Santoso's pattern or practice claim, *Mufied* imposes no such requirement.[1] In *Mufied,* we remanded a case to the agency, in accordance with the "ordinary remand rule," after finding that it had <u>ignored</u> petitioner's pattern or practice claim. 508 F.3d at 92-93. Here, unlike in *Mufied,* the BIA <u>did</u> address petitioner's pattern or practice claim, finding that petitioner failed to establish a pattern or practice of persecution against ethnic Chinese or Catholics in Indonesia. J.A. at 3. Thus, the error requiring remand in *Mufied* is not present in this case.

We also find no error in the agency's substantive determination that petitioner did not establish a pattern or practice of persecution. The IJ considered the background materials provided by petitioner and noted that religious violence in Indonesia "was occurring on a very localized basis and was not countrywide" and that "Roman Catholics . . . are free to practice their faith." J.A. at 46. It also noted that ethnic Chinese "play a major role in the economy of the country and are not hesitant about airing their views publicly." *Id.* at 45. Those findings were supported by the background materials and provide a sufficient basis for finding no pattern or practice of persecution. J.A. at 147 (U.S. Dep't of State, Indonesia, Country Reports on Human Rights Practices 2004, at 25 (Feb. 28, 2005)); J.A. at 181 (U.S. Dep't of State, Indonesia, International Religious Freedom Report 2002 ("Religious Freedom Report"), at 1 (2002)). Furthermore, we may take judicial notice of the fact that Indonesia is a nation state consisting of approximately 6000 inhabited islands and that, in many places, Roman Catholicism is predominant. *See The Statesman's Year Book 2009* 654 (Barry Turner ed., 2008);U.S. Dep't of State,

---

[1] In *Mufied*, we noted that the BIA's "systematic and pervasive" standard, announced in *In re A-M-*, 23 I & N Dec. 737 (B.I.A. 2005), did "not provide us sufficient guidance" to evaluate the petitioner's pattern or practice claim in that case. *Mufied*, 508 F.3d at 92. Although the BIA continues to apply that standard, in a case like this, where the BIA explicitly discussed the pattern or practice claim and the record includes substantial documentary evidence regarding the conditions in petitioner's homeland, we are able to reach the conclusion that the agency's decision was not erroneous. Nevertheless, we hope that in time it will be possible for the Agency to refine or describe more fully its standards.

4

Background Note: Indonesia (March 2009), http://www.state.gov/r/pa/ei/bgn/2748.htm (last visited Aug. 31, 2009) (noting that Indonesia consists of over 17,500 islands, 6000 of which are inhabited and 1000 of which are permanently settled); J.A. at 182 (Religious Freedom Report at 2) (explaining that Roman Catholicism is predominant in several provinces).

Finally, Santoso does not challenge the agency's pretermination of her asylum application, its denial of her CAT claim, or its finding that she did not establish past persecution. Accordingly, we deem those arguments waived. *Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

## CONCLUSION

In sum, we find that the agency adequately considered petitioner's pattern or practice claim and that it did not err in finding that she failed to demonstrate a pattern or practice of persecution of ethnic Chinese or Catholics in Indonesia. For the foregoing reasons the petition for review is **DENIED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED**.