09-3235-ag
Tjia v. Holder

BIA
Mulligan, IJ
A099 682 981
A099 682 982
A099 682 980
A099 683 788

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of July, two thousand ten.

PRESENT:
        PETER W. HALL,
        GERARD E. LYNCH,
        DENNY CHIN,
            *Circuit Judges*.
_____

MOY LAN TJIA, LIP TJHONG TJIA,
FRANSISCUS REGGY FEILIP, VERONICA
SEILFRY FEILIP,
        *Petitioners*,

        v.                                    09-3235-ag
                                             NAC
ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONERS:        H. Raymond Fasano, New York, New
                        York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Ada E. Bosque, Senior Litigation Counsel; Theo Nickerson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners, all natives and citizens of Indonesia, seek review of a June 30, 2009, order of the BIA affirming the October 30, 2007, decision of Immigration Judge ("IJ") Thomas J. Mulligan which denied their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tjia et. al.*, Nos. A099 682 981/982/980, A099 683 788 (BIA June 30, 2009), *aff'g* Nos. A099 682 981/982/980, A099 683 788 (Immig. Ct. N.Y. City, Oct. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings of the BIA and IJ for substantial evidence.

2

*See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Petitioners do not challenge the agency's finding that they failed to demonstrate past persecution. Nor do they argue that they would be singled out for persecution if returned to Indonesia. Instead, they contend that there exists in Indonesia a pattern or practice of persecution against ethnically Chinese and Christian Indonesians. *See* 8 C.F.R. § 1208.13(b)(2)(iii). However, the BIA has found time and again that there is no such pattern or practice. *See, e.g.*, *In re A-M-*, 23 I. & N. Dec. 737, 740-41 (BIA 2005) (citing *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005)). This Court has found no error in such decisions. *See, e.g.*, *Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). Although the agency errs by ignoring a pattern or practice claim, *see Mufied v. Mukasey*, 508 F.3d 88, 91-93 (2d Cir. 2007), it did not do so here. To the contrary, after analyzing the "voluminous background evidence," and specifically addressing the State Department Country Report and International Religious Freedom Report for Indonesia, the IJ determined that despite ongoing problems in that country, the record did not support petitioners' claims that their fear of persecution was

3

objectively well-founded.  That finding was not erroneous. *See Santoso*, 580 F.3d at 112; *Mufied*, 508 F.3d at 91-93.

Because the agency did not err in concluding that petitioners were not eligible for asylum, it did not err in denying their application for withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Petitioners do not challenge the agency's denial of their application for CAT relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4