09-4432-ag
Ngo v. Holder

BIA
Chew, IJ
A090 347 358
A090 347 359

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of October, two thousand ten.

PRESENT:
      REENA RAGGI,
      RICHARD C. WESLEY,
      GERARD E. LYNCH,
         *Circuit Judges.*

_____

LILY AMELIA NGO, LUKAS EVEN,
      *Petitioners,*

      v.                   09-4432-ag
                               NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONERS:    Aaron Shapiro, The Shapiro Law Firm, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General, Civil Division; Greg D. Mack, Senior Litigation Counsel;

**Genevieve Holm, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

The Petitioners, Lily Amelia Ngo and Lukas Even, natives and citizens of Indonesia, seek review of a September 29, 2009, order of the BIA affirming the January 18, 2008, decision of Immigration Judge ("IJ") George T. Chew denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ngo*, Nos. A090 347 358/359 (B.I.A. Sept. 29, 2009), *aff'g* Nos. A090 347 358/359 (Immig. Ct. N.Y. City Jan. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We uphold administrative factual findings unless any reasonable adjudicator would be compelled to conclude to the contrary.

*See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The Petitioners do not challenge the IJ's determination that the harm they suffered based on their Chinese ethnicity and Christian religion constituted mere harassment. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Instead, they assert that the IJ failed to consider the aggregate effect of that harm. However, there is no indication that the IJ failed to consider the cumulative effect of the Petitioners' alleged harm. *Cf. Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 290 (2d Cir. 2007); *Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005).[*] We therefore find no error in the IJ's determination that the Petitioners failed to establish past persecution.

In the absence of past persecution, an alien can demonstrate eligibility for relief if he can show that he has a well-founded fear of future persecution on account of a protected ground. *Ramsameachire v. Ashcroft*, 357 F.3d

---

[*] To the extent petitioner now identifies her psychological harm as "enochlophobia," our review is limited to those issues exhausted before the agency. *See* 8 U.S.C. § 1252(d)(1); *Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). In any event, we are not persuaded that the IJ failed to consider the harm now so labeled.

3

169, 178 (2d Cir. 2004); 8 C.F.R. § 1208.13(b)(2)(I).  Here, substantial evidence supports the agency's conclusion that the Petitioners failed to demonstrate a well-founded fear of future persecution on account of their Chinese ethnicity and Christian beliefs.  In support of that conclusion, the IJ reasonably noted that: (1) the Petitioners did not establish past persecution; (2) Indonesia was experiencing a "golden age for Chinese Christians"; and (3) conditions for Chinese Christians in Indonesia had "improved significantly since 1998 during the riots."  *See Santoso v. Holder*, 580 F.3d 110, 111-12 (2d Cir. 2009).  The Petitioners do not address, much less challenge the IJ's country condition findings. Instead, they merely reiterate the incidents of harm they referred to in arguing that they suffered past persecution, asserting that these same incidents show that they have a well-founded fear.  In light of the IJ's findings as to past persecution, the agency reasonably found that the petitioners failed to establish a well-founded fear of future persecution.

Because the Petitioners were unable to meet their burden for asylum, they necessarily failed to meet the higher burden required for withholding of removal.  *See Paul*

4

*v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk