10-44-ag
Chin v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand twelve.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, Jr.,
>
> > *Circuit Judges.*

---

Milinah Chin,

> *Petitioner-Appellant,*

v.                                                      10-44-ag

Eric H. Holder, Jr., United States Attorney General,

> *Respondent-Appellee.*

---

| | |
|---|---|
| **FOR PETITIONER-APPELLANT:** | Milinah Chin, *pro se.* |
| **FOR RESPONDENT-APPELLEE:** | Tony West, Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Surell Brady, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C. |

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner-appellant Milinah Chin, a native and citizen of Indonesia, seeks review of a December 17, 2009, order of the BIA affirming the February 11, 2008, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Milinah Chin*, No. A099 928 355 (B.I.A. Dec. 17, 2009), *aff'g* No. A099 928 355 (Immig. Ct. N.Y. City Feb. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110–11 (2d Cir. 2008).

Chin's argument that she established past persecution on account of her ethnicity or religion is unavailing. The agency reasonably found that Chin's testimony that she was once threatened with rape during a riot was insufficient to constitute past persecution because it was a fleeting threat, which was not carried out, and Chin was not physically injured as a result. *See, e.g.*, *Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (providing that unfulfilled threats do not constitute persecution). It also reasonably found that Chin's testimony that native Indonesians frequently groped her described harassment, not persecution, and that Chin had failed to link this harassment to her ethnicity or religion. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (holding that a showing of past persecution requires that the harm suffered rise above "mere harassment"); 8 U.S.C. § 1101(a)(42) (to warrant relief, persecution must be "on account of race, religion, nationality, membership in a particular social group, or political opinion").

Chin's argument that she demonstrated a pattern or practice of persecution against ethnic Chinese and Christians in Indonesia is equally unavailing. Although Chin's testimony comports with the background evidence showing some violence against, and harassment of, ethnic Chinese and Christians, substantial evidence supports the BIA's conclusion that the country-conditions evidence showed only sporadic and localized violence, and thus did not establish a pattern or practice of persecution across Indonesia. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (affirming IJ's conclusion "that religious violence in Indonesia 'was occurring on a very localized basis and was not countrywide'" and rejecting claim that there is a pattern or practice of persecution of Chinese Christians in Indonesia after taking judicial notice of the fact that Indonesia contains "approximately 6,000 inhabited islands" and that Muslims were not predominant across the country). Though Chin argues that there is widespread discrimination against Christians and ethnic Chinese, the record does

2

not compel the conclusion that this discrimination is so severe or pervasive that it gives rise to a well-founded fear of persecution should Chin return to Indonesia.

Accordingly, because Chin did not establish past persecution or a well-founded fear of future persecution, the agency did not err in denying her claim for asylum. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Because Chin's claims for withholding of removal and CAT relief were based on the same factual predicate as her claim for asylum, the BIA did not err in denying those forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 155–56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is **DENIED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3