11-2707-ag
Effendi v. Holder

BIA
Gordon-Uruakpa, IJ
A097 149 945

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of August, two thousand twelve.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

RUSLI EFFENDI,
> *Petitioner,*

> v.                                                    11-2707-ag
>                                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            H. Raymond Fasano, Esq., New York, New York.

FOR RESPONDENT:            Tony West, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; Kristen

**Giuffreda Chapman, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rusli Effendi, a native and citizen of Indonesia, seeks review of a June 7, 2011 order of the BIA, vacating the October 17, 2003 decision of Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa granting Effendi's application for withholding of removal. *In re Rusli Effendi*, No. A097 149 945 (B.I.A. June 7, 2011), *vacating* No. A097 149 945 (Immig. Ct. N.Y.C. Oct. 17, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an independent decision on remand from this Court, we review the BIA's decision alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Effendi's sole argument that the BIA ignored our previous request to clarify the legal standard it uses when determining whether a particular group has established a pattern or practice of persecution is without merit. Rather, on remand, the BIA expressly acknowledged our request for a clarification of the standard that the agency uses to determine whether an applicant for withholding of removal has demonstrated a "pattern or practice of persecution" under 8 C.F.R. § 1208.16(b)(2). The BIA explained that, although there is no fixed definition of what constitutes a pattern or practice of persecution, and no concrete formula for assessing how systemic, pervasive, or organized such persecution must be, the agency: (1) relies heavily on the country conditions evidence in the record, taking into account credible testimony provided by the alien and/or expert witnesses where appropriate; and (2) determines on a case-by-case basis whether this objective evidence sufficiently establishes that the alien belongs to a particular group of persons being persecuted on a "systemic, pervasive, or organized basis" on account of a protected ground by the government or by forces the government is unable or unwilling to control. *In re Rusli*

3

*Effendi*, No. A097 149 945, slip op. at 2 (B.I.A. June 7, 2011). Accordingly, the BIA did not ignore our request for clarification of the standard it uses in assessing pattern or practice claims.

Moreover, we decline Effendi's invitation to remand this case again to the agency for a more precise statement of its pattern or practice standard. While we have encouraged the agency to elaborate upon the standard it has applied in analyzing such claims, *see Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007), we are sufficiently satisfied with the BIA's discussion of the pattern or practice standard here to decide this case.

Where the BIA "explicitly discussed the pattern or practice claim and the record includes substantial documentary evidence regarding the conditions in petitioner's homeland, we are able to reach the conclusion that the agency's decision was not erroneous." *Santoso v. Holder*, 580 F.3d 110, 111 n.1 (2d Cir. 2009). Here, in finding that Effendi failed to demonstrate a pattern or practice of persecution of ethnic Chinese and Buddhists in Indonesia, the BIA explicitly referenced the country conditions evidence in the record, which included several

4

U.S. Department of State reports and newspaper articles. The BIA reasonably noted that, while some of the evidence indicates that ethnic and religious minorities are targeted by radical groups and that the Indonesian government is, at times, unable to control these groups, Petitioner's evidence does not establish that the threat of harm faced by ethnic Chinese and Buddhists in Indonesia is systemic, pervasive, or organized. *See* 8 C.F.R. § 1208.16(b)(2); *Santoso*, 580 F.3d at 111 n.1, 112. Moreover, as the BIA noted, we have previously relied on similar background evidence to find no pattern or practice of persecution against ethnic Chinese and Christians throughout Indonesia. *See Santoso*, 580 F.3d at 112.

Accordingly, because the BIA explicitly discussed Effendi's pattern or practice claim and the background evidence regarding conditions in Indonesia, and reasonably found that the record evidence did not indicate that ethnic Chinese and Buddhists in Indonesia are persecuted on a systematic, pervasive, and organized basis, substantial evidence supports the BIA's determination that Effendi failed to meet his burden of proof for withholding of removal. *See* 8 C.F.R. § 1208.16(b)(2); *Santoso*, 580 F.3d at 111 n.1, 112.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk