11-2168-ag
Haris v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand thirteen.

PRESENT:  AMALYA L. KEARSE,
          DENNY CHIN,
                  Circuit Judges,
          JANET C. HALL,
                  District Judge.*

- - - - - - - - - - - - - - - - - - - -x

HARIS, "NO GIVEN NAME,"
                  Petitioner,

                  -v.-                          11-2168-ag

ERIC H. HOLDER, JR., United States
Attorney General,
                  Respondent.

- - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:              H. RAYMOND FASANO, Youman, Madeo &
                             Fasano, LLP, New York, New York.

---

* The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

FOR RESPONDENT:                    LINDA Y. CHENG, Trial Attorney
                                   (Tony West, Assistant Attorney
                                   General, Francis W. Fraser, Senior
                                   Litigation Counsel, on the brief),
                                   Office of Immigration Litigation,
                                   United States Department of
                                   Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Haris, "No Given Name," a native and citizen of Indonesia, seeks review of an April 27, 2011 decision of the BIA affirming the May 20, 2009 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Haris, No Given Name, No. A099 930 883 (B.I.A. Apr. 27, 2011), aff'g, No. A099 930 883 (Immig. Ct. N.Y.C. May 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the opinions of both the IJ and the BIA. See Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir. 2006). We defer to the factual findings of the IJ and the BIA if they are supported by substantial evidence. See Mufied v. Mukasey, 508 F.3d 88, 91 (2d Cir. 2007); see also 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative

- 2 -

findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . .").

We review de novo legal conclusions and the application of legal principles to the facts. Mufied, 508 F.3d at 91. Where an applicant for asylum, withholding of removal, or CAT relief has not alleged past persecution, he must demonstrate a well-founded fear of future persecution to be eligible for relief. See Kyaw Zwar Tun v. U.S. INS, 445 F.3d 554, 564 (2d Cir. 2006); see also 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 208.13(b)(2). Demonstrating a well-founded fear of future persecution has both a subjective and an objective prong. See Kyawa Zwar Tun, 445 F.3d at 564. The parties do not dispute that Haris met the subjective prong. Haris argued that, objectively, he had a well-founded fear of future persecution based on a purported pattern or practice in Indonesia of the persecution of Chinese Christians. The IJ and BIA concluded, however, that Haris had not demonstrated such a pattern or practice and denied his petition.

Substantial evidence supports the agency's conclusion. The 2007 U.S. State Department Country Report on Human Rights Practices in Indonesia observes that the government of Indonesia promotes racial and ethnic tolerance, and that ethnic Chinese

- 3 -

are the largest nonindigenous minority group in the country and play a major role in the economy. According to the Human Rights Report, instances of discrimination against ethnic Chinese are on the decline, and recent reforms increased religious and cultural freedoms in the country. The 2007 U.S. State Department International Religious Freedom Report notes that "[t]he public generally respected religious freedom," "most of the population enjoyed a high degree of religious freedom," and 3.1 percent of the population of Indonesia described themselves as Roman Catholic. The Religious Freedom Report states that the government did not discriminate on the basis of religion with respect to employment, housing, or health care, and that several Christian holy days are national holidays. Finally, the report reflects that the government was working with Christian and Muslim groups to reduce tension in areas where there is conflict. Although the background materials report the mistreatment of some Christians in Indonesia as well as continued tensions between Muslims and Christians, nothing in the record compels the conclusion that there exists a pattern or practice of persecution against Chinese Christians in Indonesia.

Haris argues that the agency erred in relying on the BIA's decision in In re A-M-, 23 I. & N. Dec. 737 (B.I.A. 2005), and this Court's decision in Santoso v. Holder, 580 F.3d 110 (2d

- 4 -

Cir. 2009), to conclude that there was no pattern or practice of persecution of Chinese Christians in Indonesia. To the extent that one could read the BIA decision to suggest that In re A-M- and Santoso stand for the proposition that a pattern or practice of persecution against Chinese Christians does not exist in Indonesia as a general matter, those decisions do not so hold. Rather, the agency in those cases -- as in this case -- considered the specific evidence presented by the petitioners and merely determined that the evidence was not sufficient to demonstrate a pattern or practice of persecution. See In re A-M-, 23 I. & N. Dec. at 741; Santoso, 580 F.3d at 112.

Haris also argues that the agency erred by failing to articulate the legal standard it applied to his claim and that, under our decision in Mufied v. Mukasey, 508 F.3d 88 (2d Cir. 2007), this Court should remand his case to the agency to articulate that standard. In Mufied, however, this Court remanded the case to the agency because neither the IJ nor the BIA had considered the petitioner's claim that there was a pattern or practice of persecution against Christians in Indonesia. See id. at 91-93; see also Santoso, 580 F.3d at 112 & n.1. In this case, both the IJ and the BIA considered -- and rejected -- Haris's claim that there is a pattern or practice of persecution of Chinese Christians in Indonesia.

- 5 -

Finally, Haris requests that we adopt the "disfavored group" analysis employed by the Ninth Circuit in Sael v. Ashcroft, 386 F.3d 922 (9th Cir. 2004). Sael does not, however, support Haris's claim that there is a pattern or practice of persecution against Chinese Christians in Indonesia. In Sael, the Ninth Circuit held that because ethnic Chinese were a historically "disfavored group" in Indonesia, a lower level of individualized risk was required to show a well-founded fear of future persecution. Id. at 925, 927. Haris did not present the agency with any individualized evidence suggesting that he in particular would be subject to persecution in Indonesia. Because Haris offered no allegation of individualized harm, the Ninth Circuit's "disfavored group" analysis would not apply here in any event. See id.

Therefore, as the agency reasonably found that Haris failed to demonstrate a well-founded fear of persecution, it reasonably denied his claims for asylum and withholding of removal because those claims were based on the same factual predicate. See 8 C.F.R. § 1208.13(b)(2)(iii); 8 C.F.R. § 1208.16(b)(2); see also Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006).

We have considered all of Haris's contentions in support of this petition for review and conclude that they are without merit.  For the foregoing reasons, the petition for review is **DENIED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk