Suyono v. Holder

BIA
Schoppert, IJ
A 088 805 045
A 088 805 046

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of July, two thousand thirteen.

PRESENT:
 ROBERT D. SACK,
 DEBRA ANN LIVINGSTON,
 RAYMOND J. LOHIER, JR.,
  *Circuit Judges.*

_____

YANTO SUYONO, SIAUW MING YAP,
 *Petitioners,*

 v.                                        12-1434
                                           NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
 *Respondent.*

_____

FOR PETITIONERS:      H. Raymond Fasano, New York, New York.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant Attorney General; Derek C. Julius, Senior Litigation Counsel; Deitz P.

**Lefort, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Yanto Suyono and Siauw Ming Yap, natives and citizens of Indonesia, seek review of a March 12, 2012 decision of the BIA affirming the September 15, 2009, decision of an Immigration Judge ("IJ"), which denied Suyono's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yanto Suyono and Siauw Ming Yap*, No. A088 805 045/046 (B.I.A. March 12, 2012), *aff'g* Nos. A088 805 045/046 (Immig. Ct. N.Y. City Sept. 15, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513-14 (2d Cir. 2009).

2

## I.  Past Persecution

Substantial evidence supports the agency's determination that Suyono did not suffer past persecution. While the petitioners claim that the agency failed to consider the cumulative effect of the harm Suyono suffered in Indonesia, the record indicates otherwise.  The IJ expressly found that the harm from the assault and other incidents, even considered cumulatively, did not rise to the level of persecution, and the BIA affirmed the IJ's finding, as well as his reasoning.  The petitioners also argue that the IJ failed to consider the harm that Yap suffered. However, they did not demonstrate how the harm to Yap was relevant to Suyono's claim: the asylum application was filed in Suyono's name, while Yap was listed only as a derivative applicant.  *Cf. Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 307 (2d Cir. 2007) (en banc) (declining to extend *per se* asylum status to spouses of forced abortions where they have not directly suffered harm).

Moreover, considering the harm in the aggregate, the agency reasonably found that Suyono failed to establish past persecution, as he asserted only that on one occasion a group of Muslim men came begging for donations at his

church, and, when he refused to give them enough money, physically assaulted him, and on another occasion someone kicked his and Yap's car during an altercation over a parking spot while they were trying to park for church. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (noting that to constitute persecution, the alleged past harm must be sufficiently severe, rising above "mere harassment.").

## II.  Pattern or Practice of Persecution

Absent the presumption of future persecution, the agency reasonably found that Suyono failed to independently establish a well-founded fear of persecution. *See* 8 C.F.R. § 1208.16(b)(2).  Although various State Department reports in the record referenced sporadic incidents of religious violence and ethnic tensions, they did not show a pattern or practice of violence against ethnic Chinese or Christians. Rather, similar to the evidence presented in *Santoso v. Holder*, 580 F.3d 110 (2d Cir. 2009), the evidence indicates widespread tolerance of various religions and that ethnic Chinese play an increasingly important role in public life in Indonesia.  *Id.* at 112.

4

Furthermore, we reject the petitioners' contention that the Ninth Circuit's opinion in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir. 2004), requires a different outcome. In that opinion, the Ninth Circuit held that because ethnic Chinese were a historically "disfavored group" in Indonesia, a lower level of individualized risk was required to show a well-founded fear of future persecution. *Sael*, 386 F.3d at 927. Here, Suyono did not present the agency with any individualized evidence suggesting that he, in particular, would be subject to persecution in Indonesia. Because Suyono offered no allegation of individualized harm, the Ninth Circuit's "disfavored group" analysis does not apply. *Id.*

Because Suyono was unable to show that he had a well-founded fear of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on claims for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

5

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk