Andreas v. Holder

BIA
Brennan, IJ
A088 778 629

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand fourteen.

PRESENT:
        ROSEMARY S. POOLER,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
                *Circuit Judges*.

_____

ARIF CHANDRA ANDREAS,
        *Petitioner*,

        v.                                    13-211
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Yee Ling Poon (Robert Duk-Hwan Kim,
                       *on the brief*), New York, N.Y.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Linda S. Wernery, Assistant
                       Director; Kerry A. Monaco, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Arif Chandra Andreas, a native and citizen of Indonesia, seeks review of a December 31, 2012, decision of the BIA affirming an Immigration Judge's ("IJ") June 17, 2011, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Arif Chandra Andreas*, No. A088 778 629 (B.I.A. Dec. 31, 2012), *aff'g* No. A088 778 629 (Immig. Ct. N.Y. City June 17, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An applicant like Andreas, who does not base his claim on past persecution, must establish a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or

2

political opinion.  *See* 8 C.F.R. § 1208.13(b)(2)(A).  To establish a well-founded fear of future persecution, an alien may show that he was singled out for persecution or there exists a pattern or practice of persecution of similarly situated people.  8 C.F.R. § 1208.13(b)(iii).

To establish a pattern or practice of persecution, Andreas must demonstrate that the harm to a group constitutes persecution, is perpetrated or tolerated by state actors, and is "so systemic or pervasive as to amount to a pattern or practice of persecution."  *In re A- M—*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see also Mufied v. Mukasey*, 508 F.3d 88, 92 (2d Cir. 2007) (accepting the BIA's standard as a reasonable one, while noting that "[w]ithout further elaboration [the standard does not make clear] how systemic, pervasive, or organized persecution must be before the Board would recognize it as a pattern or practice").

The evidence in the record is insufficient to show a pattern or pattern of persecution against Christians living in Indonesia.  Because Andreas provided only generalized testimony regarding his fear of future persecution, the primary evidence supporting his claim consists of country reports.  The agency did not err in relying heavily on the most recent evidence in the record, the State Department's

3

2010 International Religious Freedom Report, which identified several isolated incidents involving restrictions on the activities of Christian churches but also "numerous areas of improvements in religious freedom," including inter-faith activities and the prosecution of individuals responsible for religiously-motivated violence. Certified Administrative Record at 176; *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight accorded to the applicant's evidence "lies largely" within the discretion of the agency (alteration and internal quotation marks omitted)). Despite Andreas's argument to the contrary, this evidence does not establish persecution that is "systemic or pervasive" so as to constitute a pattern or practice. *See Santoso v. Holder*, 580 F.3d 110, 112 n.1 (2d Cir. 2009)(explaining that, despite lack of guidance from BIA regarding how to evaluate a pattern or practice claim, "where the BIA explicitly discussed the pattern or practice claim and the record includes documentary evidence regarding the conditions in petitioner's homeland, we are able to reach the conclusion that the agency's decision was not erroneous").

Andreas also argues that the BIA failed to consider his claim that he would be persecuted on account of his

4

membership in a particular social group—"Indonesian Muslims who have converted to Christianity."  While the BIA did not use the words "particular social group" in its decision, the BIA's determination applies equally to Andreas's claims of persecution based on his conversion.

Because Andreas was unable to show that he had a well-founded fear of persecution based on his religion and conversion needed to make out an asylum claim, he was necessarily unable to meet the higher standard for withholding of removal or CAT relief.  *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk