14-2231
Cui v. Lynch

BIA
Van Wyke, IJ
A088 822 631

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand fifteen.

PRESENT:
> RALPH K. WINTER,
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

YONG CUI,
> *Petitioner,*

v.                                          14-2231
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York,
                          New York.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant
                         Attorney General; Cindy S.

Ferrier, Assistant Director; Lindsay M. Murphy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yong Cui, a native and citizen of People's Republic of China, seeks review of a June 2, 2014, decision of the BIA affirming an August 2, 2013, decision of an Immigration Judge ("IJ") denying Cui's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Cui,* No. A088 822 631 (B.I.A. June 2, 2014), *aff'g* No. A088 822 631 (Immig. Ct. N.Y. City Aug. 2, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established.

2

8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To establish a well-founded fear, an applicant must show either that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting those similarly situated to him. 8 C.F.R. § 1208.13(b)(2)(iii). The agency was not compelled to find that Cui demonstrated a well-founded fear of persecution in China on account of his intentions to practice his Christian faith in an unregistered church and to proselytize.

The IJ reasonably found that the country conditions evidence in the record established that between fifty and seventy million Christians practice in unregistered churches in China, and that in some areas such practice was tolerated without interference. Therefore, the IJ did not err in determining that Cui failed to demonstrate "systemic or

3

pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern or practice of persecution in China. *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (citation omitted); *see also Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern-or-practice claim).

The IJ also reasonably found that Cui failed to establish an objectively reasonable fear of being singled out for persecution. Cui did not assert that Chinese officials are aware of his religious practice. And, given the tens of millions of unregistered Christian practitioners in China, he did not demonstrate that Chinese officials are likely to discover his practice as required. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Furthermore, although the record evidence establishes that public proselytizing is not permitted in China, it does not establish that practitioners, such as Cui, who proselytize face harm rising to the level of persecution.

Accordingly, because the agency reasonably found that Cui failed to demonstrate a well-founded fear of

persecution, it did not err in denying asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk