Zheng v. Sessions

BIA
Poczter, IJ
A087 633 730

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

GANG ZHENG,
> *Petitioner,*

> v.                                                    15-4015

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL*,
> *Respondent.*

_____

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions III is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

**FOR PETITIONER:**          Zhen Liang Li, New York, N.Y.

**FOR RESPONDENT:**          Benjamin C. Mizer, Principal
                             Deputy Assistant Attorney
                             General; Stephen J. Flynn,
                             Assistant Director; Annette M.
                             Wietecha, Attorney,  Office of
                             Immigration Litigation, United
                             States Department of Justice,
                             Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gang Zheng, a native and citizen of China, seeks review of a November 16, 2015, decision of the BIA affirming a July 14, 2014, decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gang Zheng,* No. A087 633 730 (B.I.A. Nov. 16, 2015), *aff'g* No. A087 633 730 (Immig. Ct. N.Y. City July 14, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well

established.  8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  As discussed below, the agency did not err in concluding that Zheng failed to establish a well-founded fear of persecution.

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, which is a "subjective fear that is objectively reasonable."  *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); *see* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(b)(2); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("For an asylum claim, the applicant must show a reasonable possibility of future persecution." (internal quotation marks omitted)).  "An asylum applicant can show a well-founded fear of future persecution in two ways: (1) by demonstrating that he or she 'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or practice in [the] [. . .] country of nationality [. . .] of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and identification with, such group.'"  *Y.C.*, 741 F.3d at 332 (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

3

First, the agency did not err in concluding that Zheng failed to show a reasonable possibility that he would be singled out individually for persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record" a fear of persecution is not objectively reasonable and is "speculative at best."). "Importantly, 'to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his [or her] country of nationality are either aware of his [or her] activities or likely to become aware of his [or her] activities.'" *Y.C.*, 741 F.3d at 332 (quoting *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008)). We agree with the agency that Zheng failed to make this showing because he did not assert that Chinese authorities are aware of his religious practice, he testified that no one in China other than his family knows that he became a Christian in the United States, and he does not challenge the agency's finding that his prospective practice of Christianity in China was speculative given his failure to attend church regularly in the United States. The agency also properly concluded that the reasonableness of Zheng's fear was diminished by the fact that his mother has continued to attend her underground church

4

in China without incident.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding fear of future persecution weakened when similarly-situated family members remain unharmed in petitioner's native country).

Second, the agency did not err in concluding that Zheng failed to establish a pattern or practice of persecution of Christians in China.  The agency reasonably found that religious activities, such as attending underground churches or proselytizing, are not punished or restricted nationwide. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to an applicant's evidence "lie[s] largely within the discretion of the IJ" (internal quotation marks omitted)).  The 2012 International Religious Freedom Report states, for example, that "[i]n some parts of the country . . . local authorities tacitly approved of or did not interfere with the activities of unregistered groups."  Given this nationwide variation, the agency reasonably concluded that Zheng failed to establish a pattern or practice of persecution of Christians in China.  *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (affirming agency's finding of no pattern or practice of persecution of Catholics in Indonesia where evidence showed that religious

violence was not nationwide and that Catholics in many parts of the country were free to practice their faith).

Because the agency reasonably found that Zheng failed to demonstrate a well-founded fear of persecution, it did not err in denying asylum or in concluding that he necessarily failed to meet the higher burden required for withholding of removal. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010). Zheng does not challenge the agency's denial of CAT relief on appeal.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
