Lugito v. Holder

BIA
Weisel, IJ
A088 527 847

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand fourteen.

PRESENT:
> RALPH K. WINTER,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
>> *Circuit Judges.*

_____

CHRISTINA LUGITO, AKA CHRISTINA FNU,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

13-2382
NAC

_____

FOR PETITIONER: Andy Wong, New York, NY.

FOR RESPONDENT: Stuart F. Delery, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Catherine B. Bye, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Christina Lugito, a native and citizen of Indonesia, seeks review of a May 21, 2013 order of the BIA, affirming the October 26, 2011 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Christina Lugito*, No. A088 527 847 (B.I.A. May 21, 2013), *aff'g* No. A088 527 847 (Immig. Ct. New York City Oct. 26, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

I.      Nexus

An applicant seeking asylum and withholding of removal must establish that her past persecution or fear of future persecution is on account of her race, religion,

2

nationality, political opinion, or membership in a particular social group.  *See* 8 U.S.C. § 1101(a)(42); *see also* 8 C.F.R. § 1208.16(b)(1).  "The protected ground need not be the sole motive" and an individual persecuted for multiple reasons is a refugee as long as one of those reasons is a protected ground.  *Aliyev v. Mukasey*, 549 F.3d 111, 116 (2d Cir. 2008) (quotation omitted).

The agency did not err in finding that Lugito failed to establish a nexus between her attempted rape and a protected ground.  Lugito argues that she provided sufficient factual context to demonstrate nexus even though her attackers made no reference to her Chinese ethnicity.  Lugito testified that she is easily identifiable as Chinese, and that other Indonesian men outside of her high school would commonly say "You guys are Chinese. You guys are beautiful. Don't pretend and don't be shy."  She contends that these statements show that Chinese women are perceived as being available for sexual pleasure.  Even assuming Lugito is correct, the comments of these other Indonesian men outside the school do not establish the motivation of the men who attacked her.  Morever, "support for a contrary inference—even one more plausible or more natural—does not

3

suggest error." *Siewe v. Gonzalez*, 480 F.3d 160, 167-68 (2d Cir. 2007).

II.      Past Persecution

Given Lugito's failure to establish a nexus between her attempted rape and a protected ground, the agency did not err in finding that she failed to establish past persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled, in part, on other grounds, by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili*, 433 F.3d at 342. A past persecution finding may be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse, *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe to rise above "mere harassment," *Ivanishvili*, 433 F.3d at 341. The difference between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis." *Ivanishvili*, 433 F.3d at 341. Here,

4

the agency reasonably determined that the racial slurs Lugito endured did not did not rise to the level of persecution, *Ivanishvili*, 433 F.3d at 341; she was not physically harmed and was not threatened with physical violence. Although Lugito argues that the IJ misconstrued the record by stating that she was taunted only by other children, the IJ noted in his decision that her Indonesian neighbors also called her racial slurs. Lugito has therefore failed to demonstrate error in the agency's past persecution finding.

III.     Pattern or Practice of Persecution

The agency also did not err in finding that Lugito failed to establish a pattern or practice of persecution against ethnic Chinese or Buddhists in Indonesia. "Where the BIA explicitly discussed the pattern or practice claim and the record includes substantial documentary evidence regarding the conditions in petitioner's homeland, we are able to reach the conclusion that the agency's decision was not erroneous." *Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). Here, the BIA explicitly addressed Lugito's pattern or practice claim and found it unsupported by the record evidence. Lugito contends that the BIA did not adequately consider the evidence because the record reflects

5

incidents of violence against non-Muslim minorities in Indonesia; however, the task of resolving conflicts in the record evidence is largely within the agency's discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008). *See also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Lugito has therefore failed to demonstrate error in the agency's pattern or practice finding.

IV.      Withholding of Removal & CAT Relief

Lastly, we decline to review the denials of withholding of removal and CAT relief because Lugito does not meaningfully contest them in her brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n.1 (2d Cir. 2005) ("'Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.'" (*quoting Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk