Yan v. Lynch

BIA
Nelson, IJ
A096 736 375

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of May, two thousand sixteen.

PRESENT:
        JOHN M. WALKER, JR.,
        REENA RAGGI,
        GERARD E. LYNCH,
            *Circuit Judges.*

_____

YUGUO YAN,
        *Petitioner,*

        v.                                   14-2544
                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Dehai   Zhang,   Esq.,   Flushing,
                         New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Ernesto
                         H. Molina, Jr., Assistant Director;
                         Dana M. Camilleri, Trial Attorney,

Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yuguo Yan, a native and citizen of the People's Republic of China, seeks review of a July 10, 2014 decision of the BIA affirming an August 6, 2013 decision of an Immigration Judge ("IJ") denying Yan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuguo Yan,* No. A096 736 375 (B.I.A. July 10, 2014), *aff'g* No. A096 736 375 (Immig. Ct. N.Y. City Aug. 6, 2013). Under the circumstances of this case, we review both the IJ's and the BIA's opinions, *see Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well established standards of review, see 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although Yan challenges the denial

2

of relief in "asylum-only" proceedings, as opposed to an actual removal order, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134-35 (2d Cir. 2006).

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, *see* 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *see Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To establish a well-founded fear, an applicant must show either a reasonable possibility that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to him. See 8 C.F.R. § 1208.13(b)(2)(i),(iii). "[T]o establish a well-founded fear of persecution in the absence of evidence of past persecution,an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey,* 528 F.3d 135, 143 (2d Cir. 2008). Here, the agency was not compelled to find that Yan demonstrated

3

a well-founded fear of persecution on account of his religious practice.

Yan's sole support for his assertion that Chinese officials are aware of his religious practice is an unsigned and unsworn letter from a friend in China. The letter states that Yan's friend was arrested and, upon interrogation, informed officials that Yan had sent him religious materials from the United States. The agency reasonably gave little weight to this unsworn letter because the author was not available for cross-examination and did not provide any independent evidence to corroborate his story, such as an arrest report. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's determination of weight to be afforded unsworn letter). Accordingly, the agency was not compelled to conclude that Yan satisfied his burden of demonstrating that officials are aware of his religious practice such that there is a reasonable possibility that they will single him out for persecution. *See Hongsheng Leng*, 528 F.3d at 142-43.

Moreover, the agency did not err in determining that Yan failed to establish a pattern or practice of persecution of similarly situated individuals such that officials are likely

to become aware of his religious practice and persecute him on that account.  *See id.*  As the IJ found, the country conditions evidence in the record established that between fifty and seventy million Christians practice in unregistered churches in China, and that, in some areas, such practice was tolerated without interference.  Thus, despite evidence of sporadic arrests of religious practitioners, the agency did not err in concluding that Yan failed to demonstrate "systemic or pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern or practice of persecution in China.  *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (citation omitted); *see also* 8 C.F.R. § 1208.13(b)(2)(iii); *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern or practice claim).

Accordingly, because the agency reasonably found that Yan failed to demonstrate a well-founded fear of persecution, it did not err in denying asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

5

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                               Catherine O'Hagan Wolfe, Clerk

6