Agani v. Sessions

BIA
Morace, IJ
A094 004 723/692

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand eighteen.

PRESENT:
>       ROBERT A. KATZMANN,
>               *Chief Judge,*
>       REENA RAGGI,
>       SUSAN L. CARNEY,
>               *Circuit Judges.*

_____

SAUDIN AGANI, AKA SAUDIN LALICIC,
AKA SAUD LALICIC, AKA SAUD AGANI,
DANIJELA AGANI, AKA DANIYELA AGANI,
>       *Petitioners,*

>       v.                                              14-2373
>                                                        NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONERS:             Lauren Anselowitz, Harlan York & Associates, Newark, NJ.

FOR RESPONDENT:              Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Andrew N. O'Malley, Senior Litigation Counsel; Matt A. Crapo, Attorney, Office of Immigration Litigation,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Saudin and Danijela Agani, natives of Germany and citizens of Bosnia and Herzegovina, seek review of a May 30, 2014, decision of the BIA affirming an August 9, 2012, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Saudin Agani, Danijela Agani,* Nos. A094 004 723/692 (B.I.A. May 30, 2014), *aff'g* No. A094 004 723/692 (Immig. Ct. N.Y. City Aug. 9, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010) (internal quotation marks omitted). We review the agency's factual findings for substantial evidence, reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review de novo questions of law, including the application of law to undisputed facts. *Mirzoyan v. Gonzales*, 457 F.3d 217,

2

220 (2d Cir. 2006). Here, the agency reasonably concluded that the Aganis did not establish a likelihood of persecution or torture in either Bosnia and Herzegovina or Germany.

Persecution includes "non-life threatening violence and physical abuse, or non-physical forms of harm such as the deliberate imposition of a substantial economic disadvantage," but "does not encompass mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks, alteration, and citations omitted). In the case of non-governmental persecution, the applicant must also demonstrate that the government is "unwilling or unable to control" the private actors. Ruqiang Yu v. Holder, 693 F.3d 294, 298 (2d Cir. 2012).

The agency properly declined to consider Saudin Agani's mistreatment as a child in Kosovo because Kosovo is not a country of removal. 8 C.F.R. § 1208.16(b)(1)(i). The agency also reasonably concluded that the Aganis did not establish that they would be singled out for persecution in Bosnia and Herzegovina, or that there is a pattern or practice of persecution of mixed ethnicity families in Bosnia and Herzegovina. 8 C.F.R. § 1208.16(b)(2); *see Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009).

The Aganis also argue that their past treatment in Germany, considered cumulatively, amounted to persecution. *See*

3

*Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d Cir. 2005) (past incidents of harm should be considered cumulatively). While this treatment may amount to unlawful harassment, the agency reasonably concluded that it did not rise to the level of persecution. *See Ivanishvili*, 433 F.3d at 341-42 (describing the difference between harassment and persecution).

Further, the record does not compel a conclusion that the Aganis will likely face persecution in Germany. *See* 8 U.S.C. § 1252(b)(4)(B).

For the same reasons discussed above, the BIA reasonably found that the Aganis cannot show a likelihood of torture. *Cf. Lecaj*, 616 F.3d at 119-20.

We have considered the Aganis' remaining arguments and found them to be without merit. For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4