Lin v. Barr

BIA
Poczter, IJ
A206 735 092

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty.

PRESENT:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> JOSEPH F. BIANCO
> *Circuit Judges.*

_____

XING WANG LIN,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

17-3994
NAC

_____

FOR PETITIONER: Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Sherease Pratt, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xing Wang Lin, a native and citizen of the People's Republic of China, seeks review of a November 21, 2017, decision of the BIA affirming a March 22, 2017, decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xing Wang Lin,* No. A206 735 092 (B.I.A. Nov. 21, 2017), *aff'g* No. A206 735 092 (Immig. Ct. N.Y. City Mar. 22, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). The agency did not err in concluding that Lin failed to satisfy his burden of proving past persecution or a well-founded fear of future persecution on account of his attendance at a church service that police raided in 2014 and his continued religious practice.

2

A valid past persecution claim can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must rise above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Because Lin did not have any interaction with police during the raid on his church and he did not suffer harm in China, he did not suffer past persecution. *See id.; see also Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)).

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate a well-founded fear, an applicant must show either a reasonable possibility that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting similarly situated individuals. 8 C.F.R. § 1208.13(b)(2)(iii). The agency reasonably found that Lin failed to establish an objectively reasonable fear of

persecution on account of his religious practice because his claim that he would be singled out for persecution was speculative and his evidence did not demonstrate a pattern or practice of persecution of similarly situated Christians.

Lin's claim that he would be singled out for persecution based on the raid on his church was speculative given his testimony that police had not looked for him since 2014 and that his church may no longer be open. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best."). And the country conditions evidence did not establish a pattern or practice of persecution of similarly situated Christians in China because it indicates that tens of millions of Christians practice in unregistered churches in China and that officials do not interfere with religious practice in some areas of the country. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *see also Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009); *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (recognizing that a pattern or practice of persecution is the "systemic or pervasive" persecution of a group).

Because Lin failed to establish past persecution or a well-founded fear of future persecution, the agency did not err

4

in denying asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

---

* The BIA and Government incorrectly contend that Lin abandoned withholding of removal and CAT relief. The IJ relied on Lin's failure to satisfy his burden for asylum to deny all forms of relief.