Dong v. Barr

BIA
Vomacka, IJ
A200 829 361

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand twenty.

PRESENT:
    GUIDO CALABRESI,
    DENNY CHIN,
    JOSEPH F. BIANCO,
        *Circuit Judges.*
_____

CAI YUN DONG,
        *Petitioner,*

    v.                                          18-1476
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:            Gerald Karikari, New York, NY.

FOR RESPONDENT:            Ethan P. Davis, Acting Assistant
                           Attorney General; Jeffery R.
                           Leist, Senior Litigation Counsel;
                           Lance L. Jolley, Trial Attorney,
                           Office of Immigration Litigation,
                           United States Department of
                           Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cai Yun Dong, a native and citizen of the People's Republic of China, seeks review of an April 18, 2018, decision of the BIA affirming an August 7, 2015, decision of an Immigration Judge ("IJ") denying Dong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cai Yun Dong,* No. A200 829 361 (B.I.A. Apr. 18, 2018), *aff'g* No. A 200 829 361 (Immig. Ct. N.Y. City Aug. 7, 2015). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *Santoso v. Holder*, 580 F.3d 110, 111 (2d Cir. 2009). The agency

2

concluded that Dong was not credible as to her allegation of past persecution on account of her practice of Christianity and that she failed to establish a pattern or practice of persecution of Christians as needed to state a claim for relief from removal based on her practice of Christianity in the United States.

A. Adverse Credibility Determination

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-

3

finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Dong was not credible as to her claim that police had arrested and beaten her and would arrest her in the future on account of her unauthorized religious practice in China.

The IJ reasonably found that Dong gave the impression that her testimony was memorized rather than based on experience. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). That finding is supported by the record. Dong repeatedly changed dates stating that she had given the "wrong answer" rather than indicating that she had trouble remembering the dates. Further, in response to questions posed by her attorney, Dong's testimony was clear and concise, but she became evasive on cross-examination. Finally, although not discernable from the written transcript, the IJ observed that Dong testified about the alleged persecution she suffered with a flat affect. Because the IJ's demeanor finding is supported by the record and the IJ was "in the

4

best position to evaluate whether apparent problems in [Dong's] testimony suggest[ed] a lack of credibility," we afford "particular deference" to that finding. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

The IJ's demeanor finding and the adverse credibility determination as a whole are further supported by specific examples of record inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). For example, Dong provided different descriptions of the beatings she purportedly suffered, she made contradictory statements regarding whether she had a Chinese passport, her testimony that police were harassing her parents and looking for her was inconsistent with her testimony that she departed China without difficulty using her own passport and that she obtained a new Chinese passport without issue within months of her arrival in the United States, and she provided inconsistent evidence as to

whether she belonged to a formal church in China.

Given the demeanor and inconsistency findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of asylum, withholding of removal, and CAT relief insofar as those claims were based on Dong's assertion that officials persecuted and continued to look for her for practicing her religion in China. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

B. <u>Burden of Proof</u>

Because Dong was not credible as to her claim of past persecution, she had the burden to establish a well-founded fear persecution based on her religion by showing a reasonable possibility that she would be singled out for persecution or that there was a pattern or practice of persecution of similarly situated Christians. *See* 8 C.F.R. § 1208.13(b)(2)(iii). Dong argued only that she established a pattern or practice of persecution.

The agency did not err in finding that Dong failed to establish a pattern or practice of persecution of similarly situated Christians. The country conditions evidence in

6

the record shows that tens of millions of Christians practice in unregistered churches in China and that in some areas they do so without interference, and thus does not establish the systemic or pervasive persecution of similarly situated Christians sufficient to demonstrate a pattern and practice of persecution. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *see also Santoso*, 580 F.3d at 112 & n.1; *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005). Accordingly, because Dong failed to demonstrate a well-founded fear of persecution on account of her religion, the agency did not err in denying asylum, withholding of removal, and CAT relief to that extent. *See Paul*, 444 F.3d at 156–57.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court