Amanta Lagua v. Bondi

BIA
Christensen, IJ
A220 999 152/153

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-six.

PRESENT:
>MICHAEL H. PARK,
>WILLIAM J. NARDINI,
>EUNICE C. LEE,
>>*Circuit Judges.*

_____

BLANCA VERONICA AMANTA
LAGUA, B.S.T.A.,
>*Petitioners,*\*

>v.

>24-294
>NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

_____

**FOR PETITIONERS:**                    Joshua Bardavid, Esq., New York, NY.

**FOR RESPONDENT:**                    Brian M. Boynton, Principal Deputy Assistant
                                        Attorney General; John S. Hogan, Assistant
                                        Director; Todd J. Cochran, Senior Trial
                                        Attorney; Office of Immigration Litigation,
                                        United States Department of Justice,
                                        Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Blanca Veronica Amanta Lagua and her minor child, natives and citizens of Ecuador, seek review of a January 3, 2024 decision of the BIA affirming an August 16, 2022 decision of an Immigration Judge ("IJ") that denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Blanca Veronica Amanta Lagua*, Nos. A 220 999 152/153 (B.I.A. Jan. 3, 2024), *aff'g* Nos. A 220 999 152/153 (Immigr. Ct. N.Y.C. Aug. 16, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We consider only the denial of withholding of removal and CAT relief with respect to the claims of future

persecution and torture, as Amanta Lagua concedes that the asylum claim was time-barred and that there was no past persecution. We review fact-finding "under the substantial evidence standard" and questions of law and the application of law to fact *de novo. Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for withholding of removal has the burden to establish that she will "more likely than not" be persecuted in the future because of a protected ground. *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(2). An applicant can meet this burden by establishing she "would be singled out individually" for persecution or by demonstrating "a pattern or practice of persecution of a group of persons similarly situated to [her]." 8 C.F.R. § 1208.16(b)(2). Petitioners argue only that there is a pattern or practice of persecution of similarly situated women in Ecuador.

To establish such a claim, Amanta Lagua had to show that the harm to a particular group "is so systemic or pervasive as to amount to a pattern or practice of persecution." *In re A–M–*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see also Santoso*

3

*v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). Neither her experiences in Ecuador nor the 2021 State Department Report, of which the IJ took administrative notice, reflect systemic or pervasive persecution of women. Amanta Lagua was not physically harmed or threatened in Ecuador, her family did not report the domestic abuse suffered by her sister, and the State Department Report reflects that women face discrimination including wage disparity, but that they participate in Ecuador's political process and that there are laws prohibiting rape, sexual or domestic violence, sexual harassment, sexual exploitation of children, and child marriage. Thus, the agency did not err in concluding that the record did not reflect systemic or pervasive harm rising to the level of persecution. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (quotation marks omitted)); *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006) ("persecution does not encompass mere harassment"). And contrary to her assertions here, there is no indication that the agency ignored country conditions evidence. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

4

Amanta Lagua's CAT claim fails for similar reasons. A CAT applicant has the burden to show she will "more likely than not" be tortured and that the torture would be by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003) (requiring CAT applicant to "establish that there is greater than a fifty percent chance (i.e. that it is 'more likely than not') that he will be tortured"). Amanta Lagua did not meet this demanding standard.

As discussed above, the evidence does not show a pattern of persecution of women and thus necessarily does not show a pattern of torture. *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution."). Nor did Amanta Lagua present evidence that she would be targeted individually for torture. She references a State Department Report reflecting a high murder rate of women, but she does not provide evidence that she faces a similar risk, especially as some of the murders are linked to domestic violence, which Amanta Lagua did not claim she feared.[1] Even considering that high murder rate, that

---

[1] The 2021 State Department Report detailed 172 femicides that year (through November of 2021), as well as harassment of and discrimination against women, among other obstacles. However, Amanta Lagua appears to cite the 2022 State Department report,

number alone is not enough to state a CAT claim, which requires a showing that torture is "more likely than not."  8 C.F.R. § 1208.16(c)(2); *Mu-Xing Wang*, 320 F.3d at 144 n.20.  Amanta Lagua finally argues that the agency failed to sufficiently assess her CAT claim, but that contention is belied by the record given the consideration of the country conditions evidence with respect to withholding and the IJ's explicit findings regarding past harm, likely torture, and acquiescence.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

which post-dates the IJ's decision, stating that the report provides that "at least 70 and possibly hundreds of women were murdered in 2022."  Regardless, neither report reflects that a woman is more likely than not to be murdered in Ecuador.  *See Mu-Xing Wang*, 320 F.3d at 144 n.20.